DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellant Nichole S., mother of Na'eem A. and Shakirah A. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "A. The trial court erred when it found by clear and convincing evidence that permanent custody of Shakirah A. should be awarded to Lucas County Children Services Bureau [sic] pursuant to O.R.C.2151.414(E)(1)(2)(4)(14) and (16) and said decision was against the manifest weight of the evidence in Juvenile Case No. JC02-109562.
 {¶ 4} "B. The trial court erred when it found by clear and convincing evidence that permanent custody of Na'eem A. should be awarded to Lucas County Children Services Bureau [sic] pursuant to O.R.C. 2151.353(D)(4) and (E)(1)(2)(4)(14) and (16) in JC04-127773."
 {¶ 5} The undisputed facts relevant to the issues raised on appeal are as follows. On October 21, 2002, appellee Lucas County Children Services ("LCCS") sought and was granted an ex parte order for temporary custody of appellant's three-day-old daughter Shakirah. The following day, the agency filed a complaint in dependency and neglect and motion for shelter care hearing. In the motion, the agency alleged that appellant has a history of alcohol, marijuana and cocaine abuse, along with criminal convictions for offenses relating to her substance abuse. The agency alleged that on the day of Shakirah's birth, appellant tested positive for marijuana and the hospital staff found alcohol in her room. The agency further alleged, after a psychiatric evaluation in November 2001, appellant was diagnosed as suffering with "major depression, superimposed on dysthymic disorder; post traumatic stress disorder, and polysubstance abuse (alcohol, cannabis and cocaine)." The agency alleged appellant was advised to follow up with substance abuse treatment and attend AA meetings but that she did neither. Additionally, the agency stated appellant had two other children in the custody of their father, a third in the legal custody of appellant's mother, and a fourth in the temporary custody of LCCS. The agency stated it had filed a motion for permanent custody of the fourth child and that a hearing on the motion was scheduled for the following week. The agency further alleged Shakirah's father, Naim A., had a history of criminal convictions and was currently on parole. An evidentiary hearing was held and the court granted temporary custody of Shakirah to LCCS for placement in shelter care. A guardian ad litem was appointed for the child and the matter was set for an adjudication hearing. Following the hearing on December 11, 2002, the magistrate found Shakirah to be a dependent child. On January 8, 2003, the trial court adopted the magistrate's decision.
 {¶ 6} The required review hearings were held in the following months and on July 23, 2003, appellant filed a motion for change of disposition and reunification. The agency then filed a motion to terminate temporary custody. The motions were set for hearing. In the interim, appellant gave birth to another child, Na'eem, in September 2003. Na'eem was not removed from mother's custody. Following a hearing held on October 2, 2003, the magistrate found appellant had successfully completed her case plan and that it was in Shakirah's best interest to be returned to her mother with protective supervision.[1] The trial court adopted the magistrate's decision and ordered father's parenting time to be supervised by an appropriate relative or at a visitation center.
 {¶ 7} Approximately six months later, LCCS filed new motions as to custody of Na'eem and Shakirah. On March 30, 2004, the court issued an ex parte order granting temporary custody of Na'eem to LCCS. The following day, the agency filed a complaint in dependency and neglect, asking the court to find six-month-old Na'eem to be a dependent and neglected child and to proceed directly to dispositional hearing. The agency asked the court to terminate appellant's parental rights and award permanent custody of Na'eem to the agency pursuant to R.C. 2151.353(A)(4). In its complaint, LCCS referred to appellant's history of substance abuse and psychological problems. The agency further stated that on February 11, 2004, a domestic violence incident occurred between appellant and Naim A., at appellant's home, resulting in broken windows, injury to appellant, and Naim's arrest. Police reported that appellant was intoxicated and the children were in the home at the time of the incident. The agency also alleged appellant has a history of relationships with men who are "domestically violent" and stated she went to Naim's parole hearing and minimized what had occurred on February 11, thereby changing the story she had given the police. Appellant pled forNaim to be released so that they could resume living together. Finally, the agency alleged that on March 22, 2004, appellant asked a friend to watch the children for five minutes; when she had not returned after three hours, the police were contacted. Appellant could not be found so her mother took the children. The agency alleged the friend caring for the children was intoxicated while the children were entrusted to her care.
 {¶ 8} Temporary custody of Na'eem was awarded to the agency for placement and the matter was scheduled for adjudication. At a hearing held on May 6, 2004, the court ordered genetic testing to determine whether Naim A. was Na'eem's father; results of the test indicated that he was the child's father.
 {¶ 9} As to 17-month-old Shakirah, on March 31, 2004, the agency filed a motion to change disposition and for a shelter care hearing. At the hearing held on that date, the trial court again granted LCCS temporary custody of Shakirah. On June 3, 2004, the agency filed a motion for permanent custody. Pursuant to agreement of the parties, all future hearings as to Na'eem and Shakirah were joined.
 {¶ 10} At the hearing held June 15, 2004, the parties agreed to findings of fact based on allegations made by LCCS and to findings of neglect as to both children. The trial court set the matter for disposition on August 20, 2004. At the dispositional hearing, the trial court heard the following testimony.
 {¶ 11} Sarah McDonald, a counselor with Substance Abuse Services, Inc., ("SASI") testified she became appellant's individual counselor in January 2003, and appellant eventually completed the six-week program. After completing the program, McDonald did not have contact with appellant until April 2004, when she was referred back for another assessment. At that time, appellant was diagnosed with alcohol dependence and marijuana and cocaine abuse. McDonald recommended appellant participate in an intensive out-patient program. Appellant attended two sessions and did not return so she was discharged. McDonald then recommended appellant be referred for inpatient treatment where she would be in a more structured environment. Appellant did not follow through. The counselor stated appellant was very angry at the two sessions she attended and insisted she did not have a substance abuse problem.
 {¶ 12} Shannon DeMars, appellant's caseworker from March 2003 until July 2004, stated it was her belief it would be in Na'eem's and Shakirah's best interest for the agency to receive permanent custody. DeMars testified as to the case plan in place when she took over from the previous caseworker. Appellant was to undergo substance abuse treatment, attend parenting classes, and address her mental health and domestic violence issues. DeMars stated a visitation plan was established and appellant was visiting the children consistently with a few exceptions. She added that appellant became frustrated when told she had to work on her case plan again. Appellant was asked to attend anger management classes, deemed necessary because appellant is not always able to control herself or behave appropriately when she gets angry. DeMars testified she does not think appellant fully understands the problems she faces or why her past is relevant to her current situation. Appellant continues to insist she does not have an ongoing alcohol abuse problem. DeMars attended appellant's mental health assessment but was not aware if appellant followed through with services. The caseworker indicated she received a report from Naim's parole officer expressing concern for the children's well-being after appellant attended a parole hearing and said she did not think Naim needed to be incarcerated.
 {¶ 13} Tim Mercado testified he took over as caseworker from DeMars in July 2004. Mercado stated he was not aware of either parent participating in any services since he took over. He contacted Harbor Behavioral Healthcare the day before the hearing and was told appellant's case was closed as of July due to lack of participation.
 {¶ 14} The record reflects that after a brief recess in the proceedings on August 20, 2004, neither appellant nor the children's father returned to court. Attorneys for the parents indicated they did not know why their clients left and did not know where they were. Both attorneys requested continuances so they could attempt to locate their clients. The trial court denied the requests and the hearing resumed. Neither parent returned to court.
 {¶ 15} By separate judgment entries filed September 1, 2004, the trial court found there was clear and convincing evidence to support awarding permanent custody of Shakirah and Na'eem to Lucas County Children Services. It is from those two judgment entries that appellant appeals. Father has not appealed.[2]
 {¶ 16} Appellant asserts in her first assignment of error that the trial court's decision as to Shakirah was against the manifest weight of the evidence. Appellant argues that the trial court erred by finding that she had not remedied the problems that caused Shakirah to be removed from the home and could not remedy them in the future. Appellant asserts she addressed those concerns and, while she may have had some "conflicts," they were not the type that should cause her to lose custody of her children. Appellant challenges each of the factors cited by the trial court in support of its decision.
 {¶ 17} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C.2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs (1)-(5) of subsection (D). Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re William S. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} This court has thoroughly reviewed the record of proceedings in this case as to Shakirah, from the ex parte order granting the agency temporary custody of the child, immediately following her birth, through the August 20, 2004 hearing on the motion for permanent custody. We note at the outset that by the time of the final hearing in August 2004, Shakirah, who was not yet two years old, had been in the agency's custody for a total of over 16 months: from October 21, 2002 through October 2, 2003, and again from March 31, 2004, until the hearing. Pursuant to R.C.2151.414(B)(1)(d), the trial court may grant permanent custody of a child to a movant if the court finds by clear and convincing evidence that it is in the best interest of the child to do so and the child has been in the temporary custody of the agency for 12 or more months of a consecutive 22-month period. The trial court's finding that R.C.2151.414(B)(1)(d) applied is supported by the record and is sufficient to support granting permanent custody to LCCS.
 {¶ 19} The trial court indicated that its decision was also based on its finding, pursuant to R.C. 2151.414(D)(4), that Shakirah was in need of a legally secure permanent placement, and on the existence of factors set forth in R.C. 2151.414(E)(1), (2), (4), (14) and (16), noting the parents' continuing inability to create a safe and appropriate environment for Shakirah. As summarized above, the trial court heard testimony from two caseworkers and a drug abuse counselor as to appellant's failure to complete case plan services after Shakirah was removed from the home in March 2004. The drug abuse counselor testified that appellant failed to follow through with the recommended intensive outpatient program and was discharged after attending only two sessions. Appellant's prognosis was poor, and appellant insisted on numerous occasions she did not have a drug problem. The counselor recommended inpatient treatment but at the time of the final hearing, appellant was not undergoing drug abuse counseling. Appellant's caseworker testified she told appellant she needed to re-engage in domestic violence services but appellant declined and continued to deny having a problem with alcohol abuse. All of the foregoing indicates that, while appellant made the effort to attend Naim's parole hearing to plead for the release of a man who had assaulted her in the presence of their children, she did not have sufficient motivation to follow through with case plan services designed to help her reunite with her son and daughter. Appellant's behavior indicates thatshe continually put her own interests before the best interest of herchildren and supports the trial court's decision.
 {¶ 20} Based on our review of the record as summarized above, we find that the trial court's decision was supported by clear and convincing evidence and that the trial court did not err by terminating appellant's parental rights as to Shakirah. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 21} As to Na'eem, appellant asserts in her second assignment of error that the
 {¶ 22} trial court committed reversible error because in its judgment entry it stated "* * * O.R.C. § 2151.353(A)(4) applies, and more specifically (D)(4) and (E)(1), (2), (4), (14) and (16)." At first reading, it appears the trial court was referring to subsections (D)(4) and (E)(1), (2), (4), (14) and (16) within R.C. 2151.353. As appellant correctly notes, however, there are no such subsections within R.C.2151.353. Upon closer inspection, it is clear the trial court was referring to having considered the factors set forth in R.C. 2151.414, which does include subsections (D)(4) and (E)(1), (2), (4), (14) and (16). Based upon our review of the record as it relates to Na'eem, we find that the "error" in the trial court's judgment entry does not warrant reversal of the court's decision as appellant argues and appellant's second assignment of error is not well-taken.
 {¶ 23} Accordingly, pursuant to App.R. 12(A)(1)(a), this court hereby modifies the trial court's September 22, 2004 judgment entry in case no. JC 04127773, adding "R.C. 2151.414" to paragraph three so that it reads as follows: "Specifically, the Court finds that O.R.C. § 2151.353(A)(4) applies, and more specifically R.C. 2151.414 (D)(4) and (E)(1), (2), (4), (14) and (16)."
 {¶ 24} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgments of the Lucas County Court of Common Pleas, Juvenile Division, are affirmed, with the modification made above in the judgment entry for case No. JC 04127773. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgments affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.
[1] Father was incarcerated for a parole violation at the time of the hearing. The underlying offense was robbery. The magistrate found father was duly served but had not contacted his attorney, LCCS or the court, and that he had not completed his case plan.
[2] By judgment entry filed September 20, 2004, this court ordered the appeals as to Shakirah and Na'eem consolidated under case no. L-04-1259.